# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

```
TODD GREEN,                        )
                                   )
      Plaintiff,                   )
                                   )
  v.                               )    No. 05-4006
                                   )
JENNIFER GREEN, STAN CARNEY,       )
SHIRLEY CARNEY, BRENDA KOPP,       )
and DOUGLASS SCOVIL,               )
                                   )
      Defendants.                  )
```

## **O R D E R**

Before the Court is Plaintiff Todd Green's § 1983 Complaint [Doc. #8]; Defendants' Motion to Dismiss and Supporting Memorandum (by Stan Carney, Shirley Carney and Jennifer Green) [Docs. #15 & #16]; Defendant's Motion to Dismiss and Supporting Memorandum (by Brenda Kopp)[1] [Docs. #18 & #19-1]; and Defendant's Motion to Dismiss and Supporting Memorandum (by Douglass Scovil) [Docs. #26 & #27]. For the reasons that follow, Defendants' Motions to Dismiss Plaintiff's Complaint will be granted.

---

[1] Although Brenda Kopp submitted a sworn affidavit along with her Supporting Memorandum, this does not automatically convert her 12(b)(6) Motion under the Federal Rules of Civil Procedure into one for summary judgment pursuant to Rule 12(c). A court does not convert a 12(b)(6) motion into one for summary judgment unless, "matters outside the pleading are presented to *and not excluded by the court*[.]" Fed. R. Civ. P. 12(b) and (c) (emphasis added). In the instant matter, the Court does not rely on Brenda Kopp's affidavit to reach its decision and, therefore, the affidavit is excluded.

I.
## BACKGROUND

Plaintiff's ordeal began in May 2003, when his ex-wife, Jennifer Green, with the assistance of her attorney, Doug Scovil, filed for an order of protection against him. Shortly thereafter, the order of protection was issued by the Henry County State Court. Later that same year, Plaintiff was sentenced to incarceration in the Illinois Department of Corrections for allegedly violating the order of protection. The story, however, does not end there. Two years later, Jennifer Green requested that the order of protection against Plaintiff be extended and the Henry County State Court granted her request.

As a result, Plaintiff has launched a series of attacks on all persons involved with the state court proceedings above.[2] The instant matter is just one of those attacks in which Plaintiff asserts claims under 42 U.S.C. § 1983 against his ex-wife, Jennifer Green ("Jennifer"); Jennifer's parents, Stan and Shirley Carney ("the Carneys"); Jennifer's attorney, Doug Scovil

---

[2] The Court points out that Plaintiff has filed three cases in this Court, each attacking the validity of the two orders of protection issued by the Henry County State Court. In fact, several of the defendants and allegations listed in the instant Complaint are identical to those listed in Case Nos. 05-4074 and 05-4007. However, on October 12, 2005, Case No. 05-4074 was dismissed for lack of subject matter jurisdiction.

("Scovil"); and assistant state attorney, Brenda Kopp ("Kopp")[3].

In particular, Plaintiff alleges that Defendants engaged in "abuse of process" by unlawfully obtaining an order of protection against him which resulted in the deprivation of his property rights (he was removed from his home and denied the right to see his children). He also alleges that as a result of Defendants' perjured testimony, he was deprived of his right to liberty when he was incarcerated for allegedly violating the order of protection. He further alleges that Kopp denied him equal protection of the laws by relying on Defendants' perjured testimony and false allegations against him, as well as denying him an order of protection against Jennifer. Moreover, to make out his § 1983 claims, Plaintiff alleges that Kopp is a state actor who conspired with all Defendants to violate his constitutional and civil rights. Finally, in addition to his constitutional and civil rights claims, he also asserts a host of state law claims against Defendants for emotional distress, defamation, false imprisonment, and retaliation.

---

[3] The Court notes that Plaintiff attempts to label Kopp as both an advocate for Freedom House (making her a private actor) and apparently a Henry County assistant state attorney (making her a state actor). Despite this apparent discrepancy, the Court will nevertheless view the Complaint as alleging that Kopp is an assistant state attorney. See Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995) (stating that pursuant to Fed. R. Civ. P. 12(b)(6), courts must view the complaint in the light most favorable to the plaintiff).

## II.
## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiff and the Complaint's well-pleaded factual allegations must be accepted as true. Williams v. Ramos, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429-30 (7th Cir. 1996). Although the Court is not bound by a plaintiff's legal conclusions, Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir. 1994), it is required to construe a plaintiff's *pro se* allegations liberally, holding them "to less stringent standards than formal pleadings drafted by lawyers[,]" Haines v. Kerner, 404 U.S. 519, 520 (1972). Despite a liberal construction, the burden still lies with a plaintiff, even one proceeding *pro se*, to submit a complaint which minimally complies with the Federal Rules of Civil Procedure.

However, before reaching the merits of Defendants' Motions to Dismiss under Rule 12(b)(6), this Court must first determine whether it has jurisdiction over the instant matter. As the Seventh Circuit has held, "[s]ubject-matter jurisdiction is the

first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." Illinois v. City of Chicago, 137 F.3d 474, 478 (7th Cir. 1998). This is true even if the parties fail to raise the jurisdictional issue. See Robinson v. Bergstrom, 579 F.2d 401, 404 (7th Cir. 1978); see also Levin v. Attorney Registration & Disciplinary Comm'n of the Supreme Court of Illinois, 74 F.3d 763, 766 (7th Cir. 1996) (stating that subject matter jurisdiction cannot be waived and may be raised *sua sponte* at any point in the proceedings).

**A.   *Rooker-Feldman* Doctrine**

Under the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction to hear claims seeking review of state court decisions. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). As the Supreme Court held, "[i]f the constitutional claims presented to a United States district court are inextricably intertwined with the state court's [decision,] . . . then the district court is in essence being called upon to review the state-court decision. This the district court may not do." Feldman, 460 U.S. at 483. Therefore, even claims that were not actually argued in the state court may be barred by the *Rooker-Feldman* doctrine if inextricably intertwined with the state court decision. See Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999).

5

Thus, "[t]he fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." Garry v. Geils, 82 F.3d 1362, 1365 (7th Cir. 1996). If the alleged injury resulted from the state court judgment, then it is inextricably intertwined with it and may not be reviewed by a federal district court, even if the state court judgment was erroneous or unconstitutional. See Centres, Inc. v. Town of Brookfield, 148 F.3d 699, 702 (7th Cir. 1998). In this situation, the federal plaintiff must seek relief through the state court system and ultimately to the Supreme Court; the federal district court does not serve as a shortcut. See Long, 182 F.3d at 554. On the other hand, if the alleged injury is independent of the state court judgment and not inextricably intertwined with it, then the *Rooker-Feldman* doctrine does not apply. See Centres, 148 F.3d at 702.

The Seventh Circuit has identified at least two circumstances in which the alleged injury will be deemed independent of the state court judgment. First, where the federal plaintiff challenges the constitutionality of a state law in general, rather than attacking the validity of the state court's judgment in his particular case, *Rooker-Feldman* does not apply. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993); see also Feldman, 460 U.S. at 485-86 (stating that general

6

challenges to the constitutionality of a state court rule do not necessarily require a federal district court to review a particular state court decision). Second, the *Rooker-Feldman* doctrine is also inapplicable when the federal plaintiff alleges a prior injury that the state court judgment failed to remedy, rather than an injury caused by the state court judgment itself. See Centres, 148 F.3d at 702.

These fine line distinctions, however, have proven much easier for the federal courts to articulate, than to actually apply in given cases. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993) (stating that "[t]his difficulty is evinced by the varying outcomes courts reach when faced with similar facts."); Gary Thompson, Note, *The Rooker-Feldman Doctrine and the Subject Matter Jurisdiction of Federal District Courts*, 42 Rutgers L. Rev. 859, 880 n.95, 881 n.98 (1990) (comparing conflicting court decisions). As a result, the Seventh Circuit has developed a general rule of thumb for determining when to dismiss a case based on the *Rooker-Feldman* doctrine.[4] See Centres, 148 F.3d at 702-03. In Homola v. McNamara, the court provided the following guideline:

> A plaintiff who loses and tries again encounters the law of preclusion. The second complaint shows that

---

[4] This Court is cognizant of the Seventh Circuit's warning that the guideline is intended merely as an aid to the analysis and is not the analysis itself. See Centres, 148 F.3d at 703.

7

> the plaintiff wants to ignore rather than upset the judgment of the state tribunal. A *defendant* who has lost in state court and sues in federal court does not assert injury at the hands of his adversary; he asserts injury at the hands of the court, and the second suit therefore is an effort to obtain collateral review. It must be dismissed not on the basis of preclusion but for lack of jurisdiction.

59 F.3d 647, 650 (7th Cir. 1995) (emphasis in original). Therefore, if the *Rooker-Feldman* doctrine is applicable to Plaintiff's *pro se* allegations, this Court need not reach the merits of Defendants' Motions to Dismiss.

**B.  *Heck* Barred**

The counter-part to the *Rooker-Feldman* doctrine for criminal cases is Heck v. Humprey, 512 U.S. 477 (1994). See Homola, 59 F.3d at 650. In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction, or for other harm caused by actions of the defendant whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . ., expunged . . ., [or] declared invalid by a state tribunal authorized to make such determination[.] . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. . . . [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

572 U.S. at 486-87. But, unlike the *Rooker-Feldman* doctrine, Heck is not a jurisdictional bar. Nesses v. Shepard, 68 F.3d

8

1003, 1005 (7th Cir. 1995). Federal district courts, indeed, have subject matter jurisdiction over claims that necessarily imply the invalidity of a plaintiff's conviction or sentence. The problem that a plaintiff faces, however, when attacking the validity of his conviction or sentence under § 1983, is that such claims for money damages do not accrue until the conviction or sentence has been invalidated. See Heck, 572 U.S. at 489-90. Therefore, Heck bars damage suits under § 1983 for failure to state a cause of action, not for lack of subject matter jurisdiction. See id.

### III.
### ANALYSIS

It seems evident to this Court that Plaintiff's claims for constitutional and civil rights violations arise from his state court proceedings and could have been raised at that time. To the extent that Plaintiff's claims are "inextricably intertwined" with his state court civil proceedings, this Court lacks subject matter jurisdiction to decide those claims under the *Rooker-Feldman* doctrine. To the extent that Plaintiff's claims necessarily imply the invalidity of his state court criminal conviction and sentence, these claims fail to state a cause of action and are barred by *Heck*. In either event, Plaintiff's claims under § 1983 for constitutional and civil rights violations must be dismissed.

**A.     Deprivation of Property Rights & Equal Protection Claims**

The gravamen of Plaintiff's deprivation of property rights and equal protection claims is that Defendants perjured themselves to fraudulently procure orders of protection against him which resulted in the deprivation of his property rights without due process of law, as well as the equal protection of the laws.  However, these claims are "inextricably intertwined" with, and ultimately the direct result of, the orders of protection issued by the Henry County State Court in two civil proceedings.  That is, to address the merits of Plaintiff's claims would inevitably require this Court to review the substance and accuracy of the state court's decisions.  As stated above, federal district courts are prohibited from engaging in such a review under the *Rooker-Feldman* doctrine.

This conclusion is further bolstered by the fact that Plaintiff was the defendant in the state court proceedings in which he was merely attempting to avoid an adverse decision; he was not a plaintiff seeking to vindicate an independent right violated by Defendants prior to the state court proceedings at issue.  If Plaintiff had reason to believe that Defendants' testimony was perjured, he should have raised this issue before the state court.  Likewise, if Jennifer was actually abusing him rather than him abusing her, as Plaintiff alleges, then this issue also should have been raised before the state court.

10

Either Plaintiff failed to raise these claims or the state court's issuance of the orders of protection was an implicit finding that Plaintiff's allegations were unsubstantiated. See Crestview Vill. Apts. v. United State HUD, 383 F.3d 552, 556-57 (7th Cir. 2004). Either way, if this Court were to hold that Defendants did engage in a conspiracy to fraudulently procure orders of protection against Plaintiff by means of perjury, this would undermine the findings of the state court.

Even if the orders of protection were wrongfully procured in violation of his constitutional rights, as Plaintiff alleges, the orders remain in full force and effect until they are reversed or modified by an appropriate state court. Simply put, Plaintiff cannot evade the *Rooker-Feldman* doctrine by attempting to slip through the back door of the federal courts. As such, this Court lacks subject matter jurisdiction over Plaintiff's due process and equal protection claims.

**B.   Deprivation of Liberty Rights Claim**

The gravamen of Plaintiff's deprivation of liberty rights claim is that, as a result of Defendants' perjured testimony, he was wrongfully convicted and sentenced to incarceration in the Illinois Department of Corrections for allegedly violating one of the orders of protection. This claim necessarily implies that the criminal conviction and sentence issued by the Henry County State Court was invalid. Again, the Supreme Court's

11

decision in Heck bars such claims unless Plaintiff can demonstrate that his conviction and sentence has already been invalidated. Plaintiff, however, has failed to do so. As a result, Plaintiff's allegation that he was deprived of his right to liberty without due process of law fails to state a claim upon which relief may be granted.

## IV.
## Conclusion

Plaintiff's claims for constitutional and civil rights violations are barred by the *Rooker-Feldman* doctrine and the Supreme Court's decision in Heck. Because all of Plaintiff's claims over which this Court had original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3).

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss Plaintiff's Complaint are granted and this case is dismissed.

Entered this  8th  day of November, 2005.

 _/s/ Joe B. McDade_
JOE BILLY McDADE
United States District Judge